

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 25, 1964

Honorable Earle D. Garrison
County Attorney
Baylor County
Seymour, Texas

Opinion No. C-299

Re: Travel expense allowance
under Article 2350o, V.C.S.

Dear Mr. Garrison:

Your request for an opinion on the above subject matter asks the following questions:

> 1. "Is it mandatory that the County Judge receive the $75.00 flat allowance?"
>
> 2. "If the Commissioner's Court disallows the $75.00 flat allowance to the County Judge in the above case, will this have any effect on the use of the /county-owned7 pickup /trucks7 by the Commissioners?"

Article 2350o, Vernon's Civil Statutes, provides in part as follows:

> "Section 1. In any county in this State having a population of not more than twenty-one thousand, five hundred (21,500), according to the last preceding or any future Federal Census, the Commissioners Court is hereby authorized to allow each member of such Commissioners Court the sum of not exceeding Seventy-five Dollars ($75) per month for traveling expenses and depreciation on his automobile while on official business within the county. Each member of such Commissioners Court shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county.
>
> " . . .

-1427-

"Sec. 5. The term 'members of the Commissioners Court' when used herein means the County Commissioners and the County Judge.

"Sec. 6. The provisions of this bill shall apply only to those counties not furnishing an automobile, truck, or by other means providing for the traveling expenses of its commissioners, while on official business within the county."

Under the terms of Section 1 of Article 2350o, it is within the discretion of the commissioners court to allow or not to allow each member of the commissioners court the sum of not exceeding $75.00 per month for traveling expenses and depreciation on his own automobile. The term "each member of the Commissioner's Court" includes the county judge.

You are therefore advised that it is not mandatory that the county judge receive the allowance for traveling expenses and depreciation on his automobile authorized under Section 1 of Article 2350o, Vernon's Civil Statutes. In view of the provisions of Section 6, stating that the provisions of this bill shall apply only to those counties not furnishing an automobile, truck or by other means providing for the traveling expensees of its "commissioners," whether the commissioners court allows the traveling expense authorized under Section 1 to the county judge will not affect the use of county-owned pickup trucks by the county commissioners.

SUMMARY

It is within the discretion of the commissioners court whether to allow members of the commissioners court to receive the traveling expense authorized to be paid by the county, under the provisions of Section 1, Article 2350o, Vernon's Civil Statutes. Whether such allowance is made to the county judge will not affect the use of county-owned pickup trucks by county commissioners.

Yours very truly,

WAGGONER CARR

By *John Reeves*
John Reeves
Assistant

JR:ms

Hon. Earle D. Garrison, page 3 (C-299)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman,
Ben Harrison
Larry Merriman
Grady Chandler
Larry Craddock

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone